### BALLS *v.* HAINES.

A suit was commenced in the Circuit Court and a judgment obtained in the name of *A.*, without his knowledge or direction, for the benefit of another person, *A.* having no interest in the subject-matter. A part of the judgment was paid to the attorneys of record, but *A.* never received any of it. The judgment was afterwards reversed by the Supreme Court, and the cause remanded to the Circuit Court, where it was dismissed. *Held*, in a suit against *A.* to recover back the money, that he was not liable therefor.

ERROR to the *Tippecanoe* Court of Common Pleas.

SMITH, J.—Assumpsit by the plaintiff in error against the defendant in error upon the common counts. The general issue was pleaded, and the judgment was in favor of the defendant.

The material facts shown by the evidence were as follows :

In *September*, 1836, a writ of *capias ad respondendum* was issued by the clerk of the *Carroll* Circuit Court, in a suit commenced in the name of *Haines* against one *Vail*. *Balls* entered himself special bail for *Vail*, and in *October*, 1836, a judgment was rendered against *Vail* for 584 dollars.

In *November*, 1840, an action was commenced in the same Court, in the name of *Haines*, against *Balls*, upon the liability of the latter as special bail. A judgment was rendered against *Balls* in the following *December*, but

Nov. Term, 1852.

BALLS
v.
HAINES.

this judgment was reversed by the Supreme Court during the year 1845.

Before the last-mentioned judgment was reversed, *Balls* paid 654 dollars to the attorneys who had prosecuted the suit against him, who receipted the judgment and entered it satisfied in *May*, 1842; and after the cause was remanded back to the Circuit Court for a new trial, it was dismissed.

The suit which had been commenced in the name of *Haines* against *Vail*, was on a note made by the latter in favor of *Minor, Coats,* and *Co.* The defendant, after giving the record of this suit in evidence, proved, by parol testimony, that during the summer of 1836, *Haines* delivered a letter to an attorney at *Lafayette*, addressed to said attorney by *Minor, Coats,* and *Co.,* inclosing the note and directing the attorney to collect it by legal proceedings. At the time the note was thus received, it had been indorsed by the payees, but whether they had made the special indorsement, or their indorsement was in blank and the name of *Haines* had been written over it by the attorney who brought the suit, the witness who testified to these facts could not recollect.

The suit was, however, commenced and carried on in the name of *Haines* for the sole benefit of the payees of the note. No part of the money collected of *Balls* was paid to *Haines*. The latter had no interest in the note whatever, and the attorney who instituted the suit upon it in his name, had done so without any instructions to that effect. *Haines* had, in fact, no knowledge of either of the suits until after the reversal of the judgment against *Balls* by the Supreme Court.

Upon this state of facts, we think the judgment for the defendant is right. In order to maintain this suit against him, it was necessary for the plaintiff to prove that he had either actually or constructively received money, which, in consideration of law, was held by him for the plaintiff's use. Here it was clearly proved that he did not receive the money paid by *Balls*, or any part of it, and we do not think that he was estopped by the record

from showing to whom it really belonged, and who did receive it.

*Prima facie*, indeed, the money due by a judgment belongs to the plaintiff of record, and when paid would be presumed to have been received by him, but the record cannot be conclusive evidence to that effect. Suits are frequently prosecuted in the name of nominal plaintiffs, who are not permitted to have any control whatever either in the management of the proceedings or of the judgments when rendered. In such cases it would, certainly, be inconsistent with justice to hold them responsible for all the acts done in their name, and without the ability to relieve themselves of such responsibility by showing who really did do the acts complained of.

There is a case in the *New York* reports very similar in many respects to this. A bill in chancery had been filed in the name of *Field*, alleging that he had obtained a judgment against *Boyer*, and a decree was rendered setting aside a conveyance of certain land by *Boyer* to *Magee*, as being fraudulent as against the creditor. Under this decree the land was sold and the proceeds paid over to *Kellogg* and others, to whom the judgment had been assigned, and who had employed a solicitor to conduct the suit in the name of *Field*. This decree was afterwards reversed, and *Magee* then brought an action of assumpsit against *Kellogg* and others to recover the money which had been collected and paid to them from the sale of the property. It was held in this case that the action was rightly brought against the real parties to the former suit, and that the plaintiff was not estopped, by the record of that former suit, from asserting that they were the real parties. *Magee* v. *Kellogg et al.* 24 Wend. 32.

*Per Curiam.*—The judgment is affirmed with costs.

*Z. Baird* and *D. D. Pratt*, for the plaintiff.

*D. Mace* and *R. Jones*, for the defendant.