## SUPREME COURT.

ROYAL HALL, appellant agt. BREWSTER M. HODSKINS, respondent.

Where the plaintiff brings his action before a justice of the peace, and complains for *trespass quare clausum fregit*, and treading down and destroying grass and herbage there growing, and treading down, eating up and destroying, corn, oats, wheat, apples, potatoes, and other grain and vegetables of the plaintiff, and the defendant answers by justifying "the acts of entering the close of the plaintiff, mentioned in the complaint," by averring a *right of way* across the *locus in quo*, with other defences—of neglect to keep proper fences—license, and a general denial "as to the residue of the acts complained of," the defence of justification of entering the close, goes to the plaintiff's entire right of recovery for the trespasses charged, whatever other matters of defence are stated in the

answer; and on the delivery to the justice of an undertaking with the answer, he is *ousted of jurisdiction*, and is bound to discontinue the proceedings—not only as to one or some of the alleged causes of action, but *as to all*, inasmuch as the defence of *title to real property* was interposed to *all the trespasses charged in the complaint*.

Where the action is prosecuted in the supreme court for the same cause and upon the same pleadings, and on the trial the plaintiff withdraws and abandons all claim for acts done on the *road or right of way* set up by the defendant, and recovers a small verdict for the other trespasses complained of on the other portions of the *locus in quo*, he is, nevertheless, entitled to the *costs of the action*. Because the *gravamen* of the complaint is *trespass quare clausum fregit*, and the destruction of the grass, herbage, grain and vegetables, are matters of description and aggravation, and the defendant having set up a *right of way* as to all the alleged unlawful entries charged, his defence goes to the whole matter of the complaint, and a recovery by the plaintiff, however small the amount, entitles him to *costs*.

*Fourth District General Term, October*, 1865.

*Before* BOCKES, JAMES *and* ROSEKRANS, *Justices*.

THIS action was originally commenced before a justice of the peace, in Elizabethtown. The complaint contained two counts. First. "That on the first day of April, 1858, and on divers other times between that time and April first, 1859, the defendant broke and entered the close of plaintiff, being part of lot No. 12, in the Platt Rogers Road Patent, so called, and being the farm on which plaintiff then resided, and still resides, known as the Brainard Farm, and with his feet in walking, and with divers cattle, horses, sheep and hogs, trod down and destroyed the grass and herbage there growing, and trod down, ate up and destroyed the corn, oats, wheat, apples and potatoes, and other grain and vegetables of the plaintiff, then and there growing, to his damage," &c.

The second count was precisely like the first, except that the trespasses were alleged to have been committed the year following, between April 1st, 1859, and April 1st, 1860.

The defendant answered, that as to the acts of entering the close of the plaintiff, and with his feet in walking, and with cattle, horses, sheep and hogs, treading down and destroying the grass and herbage there growing, mentioned in the complaint. *the same was done in and on a certain road*

which defendant had a right to use, and which was regularly laid out across and over the said close of plaintiff more than twenty years before that time, and which had ever since been used as such road by individuals having occasion to use the same, and by the defendant, and by the public generally, &c. As to the *residue* of the acts complained of in the said complaint, he denied the same. The defendant also pleaded a general denial, defect in plaintiff's fences, and a license.

At the time of answering, defendant gave an undertaking to the effect provided for by section 56 of the Code, conditioned that if the plaintiff should within twenty days deposit with the justice a summons and complaint in an action in the supreme court for the same cause as that set forth in the complaint in said action before said justice, the defendant would admit service, &c.

The justice then discontinued the action. The summons and complaint in the supreme court were duly deposited, the complaint being the same as before the justice, and the defendant admitted service, and put in the same answer as before the justice.

The cause came on for trial before Judge POTTER, at the Essex circuit, in August last. The defendant gave some testimony as to there being a road laid out across the plaintiff's close, when the plaintiff's counsel announced that the plaintiff would claim no damages in this action for any trespasses on the alleged road, but only for trespasses committed outside the road.

It appeared on the trial, 1st. That defendant's cattle had been in plaintiff's corn, and done damage there; and, 2d. That defendant had been in the habit of driving his sheep across the plaintiff's farm, not following the road, but driving straight across, instead of following the turn in the road.

Three questions were submitted to the jury by the court, and they found, 1st. That defendant's oxen did an injury

Hall agt. Hodskins.

to plaintiff's corn and apples, to his damage $1.50.   2d. That defendant drove his sheep and cattle across plaintiff's lot not upon the road, to his damage six cents.   3d. That defendant had no license so to drive them across plaintiff's lot since 1859.   Whereupon the court directed a general verdict to be entered for the plaintiff for $1.56.

Upon these facts defendant afterwards moved for leave to enter judgment for costs against the plaintiff (deducting the amount of the verdict), and such motion was granted at special term, and from the order granting such motion plaintiff appeals.

HAND & HALE, *for plaintiff and appellant.*

*First.* The plaintiff was clearly entitled to costs under section 61 of the Code.   The court has no power or discretion in the matter.   If the defendant pleads title and fails in his defence, he must pay costs ; if he succeeds in his defence he must also pay costs, *unless the judge certify that title to real property came in question.*   But where the plaintiff recovers judgment, there is no exception to the rule.   " He *shall* recover costs."   (*See McNamara* agt. *Bitely*, 4 *How.* 44, 48, *and Blake* agt. *James*, 19 *Id.* 110.)

NOTE.—The position held by the court at special term, that a *verdict* for the plaintiff does not necessarily entitle him to costs, but that whether the verdict be for plaintiff or defendant, the judge can control, is entirely *untenable.*

If the action is the same as that discontinued before the justice, and to which title was pleaded, and the plaintiff gets a verdict or decision in his favor, *no matter for what amount*, he is entitled to costs.   The word "judgment," is used here as a general word, embracing both verdict where the trial is by jury, and a *decision* or report, when trial is by court or referee.

The position taken by Judge POTTER is entirely inconsistent with the imperative language of the statute " he

*shall* recover costs·" The power of the judge to control or direct as to costs, is limited by the section to cases where the defendant has a verdict, when he can by giving his certificate, prevent the plaintiff from recovering costs. *Expressio unius, exclusio alterius.*

The object of the legislature was evidently to discourage the carrying of small causes into the supreme court. If the plaintiff *sues* in the supreme court, in case he fails altogether, he must pay full costs, and when he recovers less than $50, he must pay costs to the defendant *unless the judge certify that title to real estate came in question* (*Code,* § 304). If the suit is brought in a justice's court, and the defendant by plea of title compels the plaintiff either to abandon his suit or bring it in the supreme court, the defendant must pay full costs *in all cases* when he fails, and also when he succeeds, unless the judge certify that title came in question (§ 61). In both cases the object is the same, to impose costs upon the party by whose act a trivial suit is brought into the supreme court.

*Second.* It is claimed by the defendant, and decided at special term, that the defendant is entitled to costs under the provisions of section 62. That the complaint contained several causes of action, to only part of which right of way was pleaded. That the justice should have discontinued only as to those causes of action as to which title was pleaded, and continued his proceedings as to the residue. And that the action in the supreme court is to be regarded as the same as that before the justice, only as to those causes of action to which title was pleaded, but as to the residue of the causes of action, it was to be considered as a new action, and the costs governed by section 304 of the Code ; and that by making no claim on the trial in the supreme court, for trespasses committed on the alleged road, those causes of action to which title was pleaded were discontinued, leaving nothing remaining to

try but the *new action.* We submit that this argument though plausible, is entirely unsound and untenable.

I. The complaint contained in fact but one cause of action in each count, consisting of a *series* of trespasses alleged to have been committed on different days, in the years mentioned in each count. And this was not a *fault* in pleading, as held by the court below. Such pleading was good under the old system (1 *Chitty's Pl.* 345), and is under the Code. (*See* 4 *Abb.* 115, *and* 12 *How.* 329.) And certainly the *locus in quo* was described with sufficient particularity. But if the complaint was defective in either respect, the defendant's remedy was by demurrer, under section 64 of the Code, subdivision 5, and the defect was waived by the omission to demur.

II. The plea of title was in fact a full answer to the whole complaint. The complaint was that the defendant " on divers days and times," &c., " broke and entered the close of plaintiff," &c., " and with his feet in walking, and with divers cattle, horses, sheep and hogs, trod down and destroyed the grass and herbage there growing, and trod down, ate up and destroyed, the corn, oats, wheat, apples and potatoes, and other grain and vegetables of the said plaintiff, then and there growing and being, and other injuries to the said plaintiff then and there did," &c.

The answer sets up a right of way as a defence " to the acts of entering the close of plaintiff, and with his feet in walking, and with cattle, horses, sheep and hogs, treading down and destroying the grass and herbage there growing," and denies the residue of the acts complained of.

The *cause of action* alleged in the complaint *was breaking and entering the plaintiff's close.* The acts of injury done after the entry, are not *issuable allegations*, but a mere statement of damage, and could not properly have been *traversed* under the old system (*Gould's Pl.* 405, § 47), nor under the Code (§ 149). Indeed, if there had been nothing in the answer except a denial of the residue of the acts

stated in the complaint, after admitting the entering and treading down the grass and herbage, there would have been no issue to try, but plaintiff would have been entitled to assess his damages. (*Schnaderbeck* agt. *Worth*, 8 *Abb.* 57; *and see Gilbert* agt. *Rounds*, 14 *How.* 46; *Lane* agt. *Gilbert*, 9 *How.* 150.) The entering was justified under an alleged right of way, and the denial of any other acts than those of entering and treading down, and destroying grass and herbage, is nothing more than what was always done in substance under the old system, in pleading a right of way. "That the defendant unavoidably a little trod down," &c., " doing no unnecessary damage;" in effect denying the matters of aggravation, and the *alia enormia* set forth in the declaration. (*See Precedents*, 2 *Chitty's Pl.* 1117, 1118.) But it was never heard that such a plea did not justify the entire cause of action stated in the declaration, or that it left anything unanswered. There were in fact, we submit, but two causes by which defendant could have so pleaded title as to have left anything under section 62, for the justice to retain jurisdiction of. He might have justified as to the alleged trespasses committed on *certain days*, and put in a different defence to those alleged to have been committed on other days. Or he might have described the *alleged road*, and as to acts committed thereon, pleaded right of way, and put in a different defence as to others. There would have been no difficulty whatever in the latter course, and he could thus have fully protected his alleged right of way without running any risk as to costs in the supreme court.

As it was, we insist that the justice was right in considering the whole action as discontinued. It is evident from the undertaking filed, and the other proceedings, that the defendant desired this, and that both parties considered the plea of title to extend to the whole complaint. The whole case was under the statute carried to the supreme court by such discontinuance, and the subsequent deposit

of a summons and complaint in the supreme court, and admission of service.

III. Even if the last point were not well taken, and the complaint were to be considered as consisting of several causes of action, to one or some of which defendant had pleaded title, and not to others, the provisions of section 62, would not aid defendant. The defendant claims that his plea was merely to the acts of "entering, treading down and destroying grass," &c., "and with his feet in walking, and with cattle, horses," &c., and that the acts of "eating up and destroying corn, oats, wheat, apples and potatoes," were distinct causes of action, not covered by this plea, and not carried into the supreme court as part of the action commenced before the justice, and that as to them the justice should have retained jurisdiction under section 62. But even if this were so, the defendant is still liable to plaintiff for costs, *because he did not succeed in that defence.*

1. In order to maintain this defence, defendant must have shown not merely that he had a right of way through plaintiff's close, over the road mentioned in his answer, but that the acts of entering, and with his feet, &c., and with cattle, sheep, &c., treading down grass and herbage, were done *in and upon that road*, as alleged in the answer. And here the jury expressly find that these acts were done "not upon the road." Under the old rule by which a plea of *liberum tenementum* was sustained by proof that the defendant owned *any* freehold in the parish in which the trespass was alleged to have been committed ; perhaps proof of *any* right of way would have been sufficient where the plaintiff had not *newly assigned* (2 *Caines*, 233). But this was a technical rule of pleading, and was abolished by section 140 of the Code. Indeed under our present system, to which a *new assignment* is necessarily unknown, no such rule can prevail. The "new matter constituting a defence," which is stated in the answer, is not merely that defendant

Hall agt. Hodskins.

had *a right of way*, but that the acts complained of were committed in the lawful exercise of such right. A new assignment was always of necessity, *by replication*.

The only pleadings now known in justices' courts are the complaint and answer (*Code*, § 64, *sub.* 1), and so in the supreme court, except when answer contains a counter-claim, or a reply to new matter is ordered by the court (*Code*, §§ 153, 154). And in a case of this kind the pleadings in the supreme court must be the same as those before the justice. (*Code*, § 61; *McNamara* agt. *Bitely*, 4 *How.* 44.) This court has had this question under consideration at general term in the fifth district, in the case of *Stewart* agt. *Wallis* (30 *Barb.* 344), and decided that the old rule is abrogated, and that a plaintiff cannot now be compelled to *new assign*. That was an action of trespass, and the defendant pleaded that the *locus in quo* was a public highway ; and on the trial the defendants having proved the existence of certain highways within the limits of the general description, insisted that the trespass was fully justified, the plaintiff not having newly assigned. The court held he was not bound to newly assign, and judgment was rendered for plaintiff, from which defendant appealed, and the ruling on the trial was sustained, and a new assignment held unnecessary, Justice W. F. ALLEN delivering the opinion of the court. (*See* 30 *Barb.* 344.) We submit that the case last above cited is entirely conclusive of the motion under consideration, and effectually disposes of the opinion of the learned judge below, that proof of *any* right of way across the lands in question, was a good defence.

2. Even if the opinion at special term was correct, and the plaintiff was bound to newly assign, that cannot help the defendant on *this* motion. If the views of the court below are correct, the defendant was entitled to a *verdict*. He must get rid of the verdict before he can have costs

awarded him. While that stands, he is liable for costs under section 61.

*Third.* The order appealed from should be reversed with costs, and costs of the motion below, and the plaintiff allowed to enter judgment against the defendant for the costs of the action.

B. POND, *for defendant and respondent.*

I. This action is to be regarded as an original action brought in this court, and it makes no difference that it was commenced by depositing summons and complaint with the justice. (*See opinion of Judge* POTTER.) Sections 55 to 62 of the Code, provide for, and are applicable only to where the defence of title to real estate is interposed to the entire cause or causes of action, and do not apply to such causes as this except in connection with section 62. Section 62 provides for just this case—where there are several causes of action, to one (or more) of which (but not to all) a defence of title is interposed, and an answer and undertaking are put in as provided in sections 55 and 56. In such case the parties shall discontinue as *to that cause* (to which title is so pleaded), and plaintiff "may commence another action *therefor* in the supreme court."

The plaintiff having brought his action in this court for *more than the cause to which the defence of title was interposed*, loses the benefit (if there otherwise would have been any) of the suit before the justice, and this suit is to be regarded and treated as though originally brought in the supreme court. (*Tuthill* agt. *Clark,* 11 *Wend.* 642 ; *Ellice* agt. *Rogers,* 8 *Id.* 503 ; *People* agt. *Rens. Com. Pl.* 2 *Id.* 647.)

II. But whether it be regarded as an original action brought in this court, or continued under the statute from a justice's court, plaintiff cannot in either view have costs, for he has not had "*judgment,*" within the meaning of section 61 of the Code, nor has he "*recovered,*" within the

meaning of section 304 (*Burhans* agt. *Tibbits*, 7 *How. Pr. R.* 74). The "judgment" contemplated by section 61, is a judgment in "hostility" to, and against the title set up by the defendant (*Burhans* agt. *Tibbits*, 7 *How. Pr. R.* 74).

In the case of *Burhans* agt. *Tibbits*, above cited (decided by the general term in the third district), the court, WRIGHT, J., say, that by the first subdivision of section 304, the legislature intended " to confine the allowance (to plaintiff) of course of costs, to a recovery in actions solely in respect to real property, and whenever the title to such property came in question; that in such actions as could not be prosecuted in a court of a justice of the peace, and over which he had no jurisdiction, costs should be allowed, whatever the amount of the recovery might be, but that if a cause of action was or could be stated in the same complaint for the recovery of money only, in which no question of real property was involved, the recovery for such cause should be fifty dollars or more, to entitle the plaintiff to costs; that where the statute speaks of a recovery in an action where a claim of title arises, it means that such a claim of title shall arise on the entire pleadings, and that the recovery shall be in *hostility* to such claim. No such absurdity was intended as to authorize a defendant to set up a complete defence, so far as the action relates to real property, and obtain a verdict of a jury in his favor, but because a recovery of fifty cents is had upon a question independent of any claim of title, that the plaintiff is to be regarded as succeeding upon the whole case, so as to be allowed costs of course." We submit that this reasoning is conclusive, and applies as forcibly to the case at bar as to the one concerning which it was written.

III. The plaintiff not being entitled to costs, the defendant is (*Code*, § 305). The order appealed from should therefore be affirmed with costs, &c.

By the court, BOCKES, J. The plaintiff commenced an

action before a justice of the peace, claiming to recover for an alleged injury to his real property. The defendant interposed several defences, and among them a justification under a right of way. He also delivered with his answer the undertaking, in such cases required to be filed, in order to oust the justice of jurisdiction; whereupon the action being there discontinued, was further prosecuted in this court. On the trial at the circuit, the defendant established his right of way across the plaintiff's farm, but the plaintiff had a verdict in his favor for trespasses committed on other portions of the *locus in quo* for $1.56. The question now is, which party is entitled to the costs of the action? The plaintiff claims that he was driven to this court for redress by the defendant's answer raising a question of title, and that having obtained a verdict in his favor, he is entitled to the costs of the action. The defendant insists that his defence of a right of way was interposed to but a part of the injuries complained of in the complaint as to which his defence prevailed, and that as to the other injuries, for which a recovery was had for the sum of $1.56, no defence of title was raised by the pleadings, and the issue as to such injuries was within the jurisdiction of the justice. If the defence of a right of way extended to and met the entire cause and causes of action set forth in the complaint, then clearly the plaintiff is entitled to costs, because in that case the record would show that the defendant failed in his alleged justification interposed to all the matter of complaint. His justification being as broad as the plaintiff's charge, must be fully sustained or the defence fails, and costs in that event should be awarded to the successful party, however insignificant the recovery might be (*Code*, § 61).

The question then is, does the defence or justification interposed of a right of way, go to the entire matters or grounds of action charged in the complaint? This question must be determined by an inspection of the record,

Hall agt. Hodskins.

by an examination of the complaint and answer. The action was trespass *quare clausum fregit.* The complaint contains two counts, in each of which it is charged that the defendant broke and entered the plaintiff's close, describing it with certainty as part of lot No. 12, in Platt Rogers' Road Patent, being the farm known as the Brainard farm, on which the plaintiff resided.

The answer sets up four separate defences. It is here unnecessary, however, to examine the last three; the first only containing the defence of a right of way. In order to see whether this defence meets the entire matter of the complaint, we must first understand precisely the nature and extent of the charge. The gist of the action was the unlawful entry or entries upon the plaintiff's land. All the other injuries stated in the complaint, to wit: the trampling down, eating and destroying the grass, herbage, corn, oats, wheat, apples, potatoes, buckwheat, and other grain and vegetables, were matters of description and aggravation merely. (5 *Barb.* 379 ; 4 *Denio,* 127 ; 1 *Coms.* 515 ; 15 *Barb.* 499.) As was said by Mr. Justice HAND, in the last case cited, the *gravamen* of the complaint is trespass *domum fregit,* and the destruction of the grass, herbage, grain and vegetables, was matter of aggravation. So Mr. Justice PRATT says (5 *Barb.* 379), the plaintiff complained of injury to his land, and the additional allegation that his personal property was destroyed, was merely matter of aggravation. Mr. Justice JEWETT says (1 *Coms.* 517), the breaking and entering the close is the substantive allegation, and the rest (special injuries to the person or property) is laid as matter of aggravation only. The material charges in the complaint to be answered, were, therefore, the unlawful entries upon the plaintiff's land. The plaintiff could not recover under his complaint without proving an unlawful entry, not even in case the matters stated by way of aggravation stood proved and undefended. (1 *Denio,* 181 ; 5 *Barb.* 379, 381 ; 4 *Pick.* 239 ; 2 *Barn. &*

*Ald.* 363.) To autuorize a recovery under a complaint in trespass *quare clausum fregit*, the plaintiff must show a breach of the close. So in the case before us, the unlawful entries charged constitute the gravamen of the complaint. Are such alleged unlawful entries met and justified by the defence interposed of a right of way ? In other words, has the defendant set up a right of way as to all the alleged unlawful entries charged in the complaint ? If so, his defence goes to the whole matter of the complaint. He avers "that as to the act of entering the close of the plaintiff mentioned in the complaint, the same was done in and on a certain road which the defendant had a right to use." That is, as I understand it, as to every act of entering mentioned in the complaint, the same was done in and on a certain road which the defendant had a right to use. By this language the material allegations of the complaint were fully answered and justified. True, the last paragraph of this defence is as follows : "And as to the residue of the acts complained of in said complaint, said defendant denies the same, and every part thereof." But in fact, there was no *residue* of acts complained of in the complaint, to which this paragraph could have application, unless the pleader had reference to some acts stated as matter of aggravation, which neither required or admitted of any answer for the purpose of defence. The defendant, by clear and unmistakable language, justified "*the acts of entering the close of the plaintiff, mentioned in the complaint,*" by averring a right of way across the *locus in quo.* This defence went to the plaintiff's entire right of recovery for the trespasses charged, whatever other matters of defence were stated in the answer. I am satisfied that the justice decided correctly in discontinuing the action. On the delivery to him of the undertaking with the answer, he was ousted of jurisdiction, and was bound to discontinue the proceeding (*Code,* § 57). Not as to one or some of the alleged causes of action, but as to all, inasmuch as the

Hall agt. Hodskins.

defence of title to real property was interposed to all the trespasses charged in the complaint.

If I am correct in this construction of the pleadings, the plaintiff is entitled to the costs of the action. The defendant on the trial failed to sustain his defence. His justification, although in part successful, was not wholly so, and the plaintiff must be deemed to have recovered against the defendant's plea of title. The defendant had it in his power to limit his justification to such acts of entry upon the *locus in quo*, as were protected by his right of way. The complaint was certain and specific in all its parts, and was the only pleading the plaintiff was permitted to make. He could not "new assign," by a replication to the answer (30 *Barb.* 344). The issue must be framed before the justice, where no other pleadings than a complaint, answer and demurrer are allowed. If, therefore, the defendant wished to justify certain of the alleged trespasses under a right of way, he should have described the way, and set up his right in justification of his acts in passing and repassing over that portion of the *locus in quo*. According to the present mode of pleading in a justice's court, it lay with him to limit the justification or defence of title to meet his own wishes in that regard. In this way a defendant can make the issue of title as broad or as narrow as he chooses, and must take the consequences of raising an issue against his adversary which he cannot maintain.

In my judgment the order of the special term should be reversed, and the motion of the defendant for liberty to enter up judgment in his favor for costs of the action, should be denied.

The plaintiff should, I think, have $10 costs of the appeal.