ROBERT F. BRUNDAGE, Appellant, *v.* THE VILLAGE OF PORT CHESTER, Respondent.

Plaintiff made a demand upon defendant's treasurer for the payment of an indebtedness due from the defendant to him for work and labor.    This the treasurer refused unless plaintiff would consent to deduct from the sum due him the amount of an illegal assessment upon his property, which assessment had been set aside.    Plaintiff consented to accept such balance, which was paid to him.    In an action brought more than six years thereafter, in form to recover back the amount so deducted, as for money had and received by plaintiff for defendant, *held*, that plaintiff's only cause of action was for the balance of the original indebtedness, which was not discharged by the action of the treasurer, but was barred by the statute of limitations.

(Submitted April 27, 1886 ; decided June 1, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made December 11, 1883, which reversed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.    (Reported below, 31 Hun, 129.)

The nature of the action and the material facts are stated in the opinion.

*Wilson Brown, Jr.*, for appellant. As while the assessment was in force no action could have been brought to recover back the money paid on it, and plaintiff's only remedy was to bring an action in equity to first set aside the assessment, this action is within section 388 of the Code, which gives such action a limitation of ten years. (*Salisbury* v. *Morss*, 7 Lans. 367; *McTeague* v. *Coulter*, 6 J. & S. 208; 2 Dill. on Mun. Corp. [3d ed.], § 939; *Bk. of Commonwealth* v. *Mayor, etc.*, 43 N. Y. 144–8; *Peyser* v. *Mayor, etc.*, 70 id. 502; *Bk.* v. *Mayor, etc.*, 43 id. 184; *Swift* v. *City of Poughkeepsie*, 37 id. 511, 514.) The statute of limitations will not begin to run until the right of action to recover the money accrues. (Wood on Lim. 335, § 160; *Collins* v. *Thayer*, 71 Ill. 138; *Cairo, etc., R. R. Co.* v. *Parks*, 33 Ark. 131.)

*Isaac N. Mills* for respondent. If this action be treated as one to recover back illegal assessments paid under compulsion or duress, it is the old action of money had and received, and is upon implied contract, and the right of action was barred in six years from the payment. (Code of Civ. Pro., § 382; *Brundage* v. *Village of Port Chester*, 31 Hun, 131; *Newman* v. *Supervisors of Livingston Co.*, 45 N. Y. 676, 686, 688; *Dewey* v. *Supervisors*, 62 id. 294, 296–7; *Breucher* v. *Village of Port Chester*, Ct. App. Dec., Jan. 19, 1886; 23 Week. Dig. 40; *Horn* v. *Town of New Lots*, 83 N. Y. 100, 103; *Ross* v. *Supervisors of Cayuga*, 38 Hun, 20, 25; *Bridge* v. *Supervisors of Sullivan*, 92 N. Y. 570, 581; *Bronson* v. *Munson*, 28 Hun, 54, 59, 60; *Pierson* v. *McCurdy*, 33 id. 521, 529, 530, 532, 533, 534.) The right of action was perfect the instant the money was paid, and no demand was necessary before the action could be brought. (*Breucher* v. *Village of Port Chester, supra : Brundage* v. *Village of Port Chester*, 31 Hun, 131; *Matter of Cole*, 34 id. 320; *Howard* v. *France*, 43 N. Y. 595; *Compton* v. *Elliott*, 48 N. Y. Sup. 214.) The assess-

ments were illegal and void for patent jurisdictional defects as was determined by this court. (*Merritt* v. *Village of Port Chester*, 71 N. Y. 309, 388; *Bruecher* v. *Village of Port Chester, supra; Horn* v. *Town of New Lots*, 83 id. 104.) Therefore the plaintiff, if he paid them under duress or compulsion, had the right to sue at once to recover the money paid without a demand and without having the assessments vacated. (*Newman* v. *Supervisors of Livingston Co.*, 45 N. Y. 676; *Strasburgh* v. *Mayor, etc.*, 87 id. 452; *Horn* v. *Town of New Lots*, 83 id. 100; *Bruecher* v. *Village of Port Chester, supra; Brundage* v. *Village of Port Chester*, 31 Hun, 131; *Ross* v. *Supervisors of Cayuga*, 38 id. 23–26.) By asking to have the assessments vacated, so far as paid by the alleged payments in question, the plaintiff did not change the character of the action and make it one for equitable relief, and so bring it within the ten years limitation. (*Brundage* v. *Village of Port Chester*, 31 Hun, 131–2.) Plaintiff's cause of action is upon contract for the recovery of a simple debt. (Code of Civ. Pro., § 382; *Knapp* v. *City of Brooklyn*, 97 N. Y. 523; *Bruecher* v. *Village of Port Chester*, 31 Hun, 553; *Hall* v. *Taylor*, 8 How. Pr. 430; *Hunt* v. *Dutcher*, 13 id. 540; *Hulbert* v. *Young*, id. 414; *White* v. *Law*, 7 Barb. 206; *Gratman* v. *Thrall*, 44 id. 174; *Cleveland* v. *Rogers*, 6 Wend. 440; *Thomas* v. *Robinson*, 3 id. 268; *Cornell* v. *Barnes*, 7 Hill, 36; *Dakin* v. *Hudson*, 6 Cow. 224; *Wheeler* v. *Raymond*, 8 id. 314; *Turner* v. *Robey*, 3 N. Y. 193; *Chemung Bk.* v. *Judson*, 8 id. 260; 2 Wait's Pr. 326.) If this action be treated as plaintiff claims it should be, as an action to recover money paid upon legal assessments, the burden of proof as to the illegality of the assessments was upon the plaintiff. (*Strasburgh* v. *Mayor, etc.*, 87 N. Y. 455; *Horn* v. *Town of New Lots*, 83 id. 104; *Wilkes* v. *Mayor, etc.*, 79 id. 621; *Peyser* v. *Mayor, etc.*, 70 id. 497; *In re Voorhees*, 90 id. 668; *Tingue* v. *Village of Port Chester*, 23 Week. Dig. 147.)

Ruger, Ch. J. In the year 1874 the defendant was indebted to the plaintiff in the sum of upwards of $5,000 for work and

labor performed by him, in the grading of Hoseco avenue in the village of Port Chester. The plaintiff was also then apparently liable, to contribute to the expense of building and grading village streets, and had been theretofore assessed for that purpose by the village authorities in the sum of upwards of $3,000, and they threatened to enforce and collect such assessment by a sale of his land. Under these circumstances the plaintiff demanded payment from the village of the whole sum due him for work, the village treasurer refused to pay that amount, but offered to pay the balance due him, after deducting the amount of the assessment in question. The plaintiff finally consented to accept such balance, and it was paid to him in 1874, and the assessment against him was thereupon canceled and discharged by the treasurer. This transaction is the basis of the plaintiff's claim to recover back money paid by him to the defendant.

It is not alleged in the complaint, and does not appear by the evidence or findings that the plaintiff receipted for, or canceled the indebtedness of the village to him, or that his right to enforce payment thereof, was barred by any act done by, or required of him, by the defendant.

This action was brought to recover back the amount so deducted, as for money had and received by the defendant for the plaintiff's use, upon the alleged ground that the assessment referred to was illegal and void. The defense is the statute of limitations, and the question in the case is whether the ten or six years limitation applies.

It is claimed by the plaintiff that the action is in equity to vacate and set aside the assessment as illegal and void, and to recover back the money paid as an incident of such relief. On the other hand, it is denied that any such relief is shown to be necessary, and is claimed that the action is simply one in *assumpsit* and subject to the six years limitation alone. We think the defendant's position is unanswerable.

It cannot be disputed, if the action was brought to recover back the money paid upon an assessment apparently valid and levied according to the forms of law, but rendered illegal

by extrinsic facts, or those which were not apparent upon the face of the proceedings, but that it was necessary for the plaintiff to proceed in equity to vacate such proceedings, before he could recover back moneys paid thereon. (*Horn* v. *Town of New Lots*, 83 N. Y. 100.) There are several reasons, however, why this is not such a case.

*First.* The complaint shows affirmatively that the plaintiff is not entitled to equitable relief. It alleges in unqualified terms that the assessments which afforded the only ground for claiming equitable relief had been vacated and annulled long prior to the commencement of the action, and this allegation is not only not denied by the answer, but is sustained by the express findings of the trial court, and must be regarded as an indisputable fact in the case. (*Bruecher* v. *Village of Port Chester*, 3 East. Rep'r, 736.)

If the action be considered, therefore, as any thing but one in *assumpsit*, it is not maintainable at all, either upon the pleadings or the findings.

*Second.* The evidence shows conclusively that no right of action accrued to the plaintiff, out of the conduct of the defendant in requiring the application of the illegal assessment upon its indebtedness to the plaintiff. That indebtedness was not discharged by such action, but remained an existing and enforceable demand, against the defendant as well after, as before such transaction. The act of the defendant did not extinguish the plaintiff's demand or change the character of its liability to him. The existence of the illegal assessment would have constituted no defense to an action for its debt, and in the prosecution of such an action it would have been unnecessary, in the first instance, for the plaintiff to impeach the validity of such assessment, as it could be availed of only by way of counterclaim to his actions, and as such was assailable at law, for its illegality. Even if we could imply from the evidence in the case, that the plaintiff assented to the application of his debt, the fact that it was obtained by duress vitiated such consent, as much as it deprived the payment of its voluntary character, and would not stand in the way of a prosecution of his claim.

The transaction did not operate in any way as a payment of the debt, and an action thereon was governed by the six years period of limitations, and expired three years before this one was commenced. The acceptance by the plaintiff of a certain amount upon his debt operated only as payment *pro tanto*, and left him at liberty to sue for and collect the balance, at any time thereafter, within the statutory period of limitation. The cause of action, and the only cause of action, existing in favor of the plaintiff, arose upon the maturity of his debt against the defendant, and not at the time of its attempted application, and the statute of limitations then began to run against it.

*Third.* No money was paid by the plaintiff to the defendant upon the assessment in question. The defendant has simply neglected to pay the plaintiff the amount due from it, and remains liable to him for the balance. This liability, has not been converted into another cause of action, by its refusal to pay the debt. An action to recover for money paid, or had and received, will not lie generally except upon the payment of money. (*National Trust Co.* v. *Gleason*, 77 N. Y. 400; *Cumming* v. *Hackley*, 8 Johns. 202; *Moyer* v. *Shoemaker*, 5 Barb. 319.) It has been held, however, that the action may be maintained when its equivalent, has been actually accepted as money, by the party receiving it, as where an agent has discharged his principal's debt by applying thereon a debt owing by himself (*Beardsley* v. *Root*, 11 Johns. 464), or where a surety has transferred property to the creditor, who received it in payment of a judgment. In such cases the principal has been held liable for the amount of his debt, discharged by the payment, as for money paid by the surety for him. (*Bonney* v. *Seely*, 2 Wend. 481.) But here nothing has been received by the defendant, and its legal situation remained unaffected, by the attempted application of the illegal assessment, upon its indebtedness. Neither money nor its equivalent has been received by the defendant, and the effort to sustain this action is an attempt to convert a simple contract liability, into one to recover for money illegally held by the debtor, for the use of the creditor.

We do not find any case going far enough to uphold such a claim.

The order should, therefore, be affirmed.

All concur.

Order affirmed.