(6 Misc. Rep. 150.)          MATTLAGE v. LEWI.

(Common Pleas of New York City and County, General Term.  December 4,
1893.)

MONEY PAID UNDER MISTAKE—PROOF TO RECOVER.
    Where plaintiff, by mistake, paid to an association the annual dues on
    a membership ticket standing in the name of a third person, and held by
    defendant as collateral security for a loan, and defendant did not con-
    tribute to the occurrence of the mistake, plaintiff cannot recover from
    defendant the money so paid.

Appeal from first district court.

Action by Charles F. Mattlage against David Lewi to recover
money paid under mistake.  From a judgment for plaintiff, defend-
ant appeals.  Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Fred. C. Leubuscher, for appellant.

H. Aplington, for respondent.

GIEGERICH, J.  The plaintiff, by mistake, paid to the New York
Mercantile Exchange the annual dues on a ticket of membership
thereof standing in the name of one W. B. Pope, and held by the de-
fendant as collateral security for a loan.  The defendant first learned
of the mistake when he offered payment for the dues on said ticket
to the superintendent of the said exchange, who informed him that
he (defendant) could not pay them a second time, as they had been
already paid by somebody else.  Thereafter, return of the amount
paid by the plaintiff to the said exchange for such dues was de-
manded of the defendant, who refused to pay the same.  This action
was then brought.  The defendant pleaded the general issue.  Upon
the foregoing state of facts, the justice rendered judgment in favor
of the plaintiff, and the defendant has brought this appeal.  The
judgment, in our opinion, cannot be sustained, without a disregard
of well-settled rules.  In order to maintain an action for money
paid under mistake, it is not sufficient for a plaintiff to prove that
he has conferred a benefit upon the defendant by reason of such
mistake.  It must appear that the defendant has actually received
money, or that which the parties have treated as money.  It is not
sufficient that the defendant received a credit in account to which
he is not entitled.  Keener, Quasi Cont. p. 139, and cases cited.  See
Brundage v. Village of Port Chester, 102 N. Y. 494, 7 N. E. 398.  In
the case at bar the money was not received by the defendant.  The
mistake was made by persons other than himself, and he did not in
any manner contribute to the occurrence of the same.  Applying to
this case the foregoing principles, it follows that the judgment
should be reversed, and judgment absolute, for dismissal of the
complaint, should be directed in favor of the defendant, with costs.