# PRACTICE REPORTS.

## SUPREME COURT.

### ISAAC HEATH agt. WALTER BARMOUR.

Where the plaintiff brings an action in a justice's court, and complains that the defendant wrongfully broke and entered his *close*, and then and there, at the times named, committed certain trespasses and did certain acts, and the defendant justifies *all the acts complained of*, on the ground that the *locus in quo* was at the time a public highway, &c., the justice should dismiss the action upon the question of *title*.

But if the plaintiff, on continuing the action in the supreme court, recovers a verdict for any sum, for trespasses committed *outside of the alleged highway*, he is entitled to *costs*, although the defendant succeeds in justifying all his acts committed upon said highway. (*This agrees with Hall agt. Hodskins, 30 How.* 15.)

*Chautauqua Special Term, January,* 1868.

MOTION by plaintiff, by way of appeal from adjustment of costs by the clerk of Chautauqua county. The original action was in a justice's court. The plaintiff alleges in his complaint that the defendant wrongfully and unlawfully broke and entered the plaintiff's close, in the town of Gerry, in the county of Chautauqua, on or about the months of May, June, July, August and September, in the year 1862; also in the months of April, &c., 1863, and so as to 1864, 1865 and 1866; and the defendant, during each and all of the said months and years, being wrongfully and unlawfully upon the premises of the said plaintiff, in the town of Gerry, in the county of Chautauqua, did then and there, by himself, his agents and servants, with teams, horses, oxen, wagons, plows and scrapers, wrongfully and unlawfully excavate the said premises of the plaintiff, and did then and there wrongfully and unlawfully cut timber of the plaintiff, upon his premises aforesaid, and destroy crops then and there growing, pull

down and destroy fences of the plaintiff, and build bridges, to the great injury and damage of the plaintiff, &c.

The defendant's answer first denies each and every allegation in the complaint. For a second answer, the defendant admitted that, at divers times claimed in the complaint, he had been upon the ground in and along a certain locality in said town, known as the plank road, and had done various work therein, in repairing the same and bridges thereon; that such acts and labor were such only as were necessary and proper in repairing such road and bridges, in obtaining bridge timber and other articles necessary for such purpose, and " which are the acts complained of in said complaint; that at the times aforesaid said locality was a public highway, used and occupied by the public as such, and at such times of said alleged wrongs and acts upon, in and on said locality and premises, the said defendant was acting pursuant to the orders and directions of the commissioners and overseers of highways of said town, as he of right might do, and all he did there was in pursuance of such authority and directions, in repairing and fixing such road."

There is a further answer, that prior to the acts set forth in the second answer to the complaint, the Fredonia and Sinclairville Plankroad Company owned the locality, and had full right and authority to use the same, and that such company had abandoned said locality, and the same reverted to the public and belonged to the town of Gerry for the purposes of a highway, and was worked and improved as such, and that all *acts* done prior to such abandonment were pursuant to the authority and direction of such corporation.

There is another answer, that after the commission of said alleged wrongs and trespasses, and each of them, the damages in consequence thereof were properly and duly appraised by proper authority, and said plaintiff duly notified thereof, and such damages were duly tendered and paid to said plaintiff, and are brought into court for his use and benefit.

There is a further answer, that the acts done by defendant

Heath agt. Barmour.

upon and about said premises, as aforesaid, were fully rati-
fied and confirmed and authorized by virtue of an act of the
legislature passed April 13, 1866.

The defendant demands judgment for costs of suit. The
defendant gave the undertaking required by the Code, and
the justice countersigned the pleadings and dismissed the
action.

The plaintiff brought this action. It was tried by the
court, and the court decided that all the alleged trespasses
committed within the limits of what was known as the
plankroad, and then the highway, after the plankroad ceased
to occupy, were justifiable. The plaintiff, on the trial,
proved certain trespasses committed in his field, outside
of the bounds of the highway; and the court overruled
the defense of a tender of the damages, and directed a judg-
ment for damages for the trespasses outside of the highway,
for three dollars. The judge before whom the trial was had,
at the instance of the defendant's attorney, certified that on
the trial title to real estate was in issue, so far as the line of
the "old plankroad was concerned;" and that as to the
alleged trespasses thereon, the court reported in favor of the
defendant. That as to the alleged trespasses outside of the
line of the road, title to real estate did not come in question
on such trial. Each party claimed a full bill of costs. The
clerk taxed the defendant's bill, and refused to tax the plain-
tiff's bill.

A. HAZELTINE, *for plaintiff*.
C. N. LOCKWOOD, *for defendant*.

MARVIN, J. The second and third answers of the defend-
ant justify all the acts of which the plaintiff complains, on
the ground that the *locus in quo* was, at the time the acts
were committed, a highway used by the public, and belong-
ing to the town or the plankroad company.

The justice must have so understood these answers. He

did not understand that there were any alleged trespasses not met by these answers, and which remained for trial under the issue formed by the general denial. The defendant tendered the undertaking required by law, and demanded judgment for costs of suit. The justice was right in dismissing the action.

It is now claimed by the defendant that the complaint embraced different causes of action; that is, causes of action for the alleged trespasses upon the lands included in the highway, and also causes of action for the trespasses committed upon the lands of the plaintiff, outside of the bounds of the highway, and that the defendant intended only to justify his acts in the highway, and that his answers should be so construed.

This claim is unfounded. The plaintiff, in his complaint, says nothing of any highway. He alleges that the defendant wrongfully broke and entered his close, in the town of Gerry, and at the times named, and then and there did certain acts. He ignores any highway. If he should be right in his position that there was no highway, then it would be immaterial whether the trespasses committed were confined to a strip of land four rods in width, or extended over a wider space.

The defendant begins his answer by admitting that he had been upon the ground in and along a certain locality in said town, known as the "plankroad," and had done certain acts, "which are the acts *claimed* in said complaint," and that said *locality* was a public highway, &c., &c., and that at such times of said alleged wrongs and acts upon, in and on *said locality* and premises, he was acting pursuant to the directions of the commissioners and overseers of highways of the town, as he of right might do. It is not necessary to refer more particularly to the next answer. It is equally definite, and extends to all the acts complained of by the plaintiff. On the trial, the defendant succeeded in justifying all his acts upon a certain strip of land, by showing that it was a highway; but he had trespassed outside of this strip of land,

and for these trespasses he had no justification, and three dollars damages were allowed. Which of the parties is entitled to costs? "If the judgment in the supreme court be for the plaintiff, he shall recover costs; if it be for the defendant, he shall recover costs, except that upon a verdict he shall pay costs to the plaintiff, unless the judge certify that the title to real property came in question on the trial." (*Code*, § 61.)

In this case the *judgment* is for the plaintiff, and he is entitled to costs. The word *judgment*, as here used, means a recovery of damages by the plaintiff, evidenced by the verdict or the finding and decision of the court, entitling the plaintiff to a judgment.

The right to costs is to be determined by the recovery, confining the parties to the issue touching title.

In *Burhans* agt. *Tibbits* (7 *How. Pr. R.* 74), Justice WRIGHT says, "that when the section speaks of a recovery in an action where a claim of title arises, it means that such claim of title shall arise on the entire pleadings, and that the recovery shall be in hostility to such claim."

In the present case, the recovery by the plaintiff is in hostility to the claim of title set up by the defendant, as the defendant's claim of title was not limited to any particular piece of land, but was co-extensive with the alleged trespasses.

*Hall* agt. *Hodskins* (30 *How. Pr. R.* 15) is in point in this case. In that case the action was trespass for breaking and entering the close of the plaintiff, and the defendant answered that the acts complained of were done in and on a certain road which he had a right to use. On the trial, the defendant gave evidence tending to establish a road across the plaintiff's close, and the plaintiff abandoned any claim for damages for acts committed on the alleged road, but claimed damages for the trespasses outside of the road, and he had a verdict for $1.56. At special term it was decided that the defendant was entitled to costs. Upon appeal to the general

term, the order of the special term was reversed, and costs were given to the plaintiff. The case contains the arguments of counsel, which are very able and elaborate. The opinion of the court is by BOCKES, J. In it the learned judge fully considers and ably discusses the questions presented in that case, and they are the same as those now under consideration in the present case; and concurring in the views taken by the court in that case, I do not think it material that I should add any further remarks. It may be well to reiterate what is said in the opinion in that case, that if the defendant wishes to justify certain of the alleged trespasses under a right of way, he should describe the way, and limit his justification to the *locus in quo* particularly described. The pleadings now in a justice's court are, complaint, answer and demurrer, and no other are allowed. The issue or issues must be framed before the justice. In the present case, the defendant should in his answer have carefully described the highway, and limited his justification to the premises so described; and then, as to all alleged trespasses other than those within the limits described, he could have interposed a denial, or license, or any defense he had other than title. The justice, upon the giving of the undertaking, would dismiss the action as to the alleged trespasses upon the close embraced by the answer setting up title, and would proceed to the trial of the issues touching the alleged trespasses not justified by the plea of title, in case the plaintiff should decide to proceed in his action for such trespasses. If the plaintiff should not claim that any trespasses were committed outside of the *locus* particularly described by the defendant, then the action would be dismissed generally; and I think the plaintiff, in his action in this court, would be confined to the *close* particularly described by the defendant, and in which the answer and defense of title applied. In this way no difficulty can arise. The defendant must see to it that his answer in the justice's court is not too broad.

The exception contained in section 61, to wit., "that upon

Heath agt. Barmour.

a verdict, he (the defendant) shall pay costs to the plaintiff, unless the judge certify that the title to real property came in question on the trial," has no application to the present case. This embraces costs when the defendant has a verdict. He may have defeated the plaintiff upon grounds entirely aside from any question of "title to real property," and such title may not have come in question on the trial; and if so, he shall not have costs, but shall pay costs, because he, by pleading title in the justice's court, caused the litigation to be removed in the supreme court. This was not a case for the certificate of the judge, and the certificate given has no effect upon the question of costs.

The plaintiff's motion must be granted, with $10 costs.*

---

* Note.—This case, the case of *Hall* agt. *Hodskins* (30 *How*. 15), and the case of *Shall* agt. *Green* (34 *How*. 418), seem to establish the following principles and rules, to wit.:

1st. In an action of *trespass quare clausum fregit*, brought in a justice's court, the defendant should not put in an answer of *general-denial*, unless he intends to justify or defend his acts as to the *entire locus in quo*.

2d. If the defendant desires to justify or defend certain of the alleged trespasses under a right of way, or upon a portion of the premises only, he should describe the way, or such portion of the premises, and limit his justification or defense to the *locus in quo* particularly described; and then, as to all alleged trespasses other than those within the limits described, he can interpose a denial or license, or any defense he may have other than title.

3d. In the latter case, the justice, upon the giving of the proper undertaking, should dismiss the action as to the alleged trespasses upon the close embraced by the answer setting up title, and proceed with the trial of the other issues not justified or defended by plea of title, in case the plaintiff should decide thus to proceed.

4th. If the plaintiff should not claim that any trespasses were committed outside of the *locus in-quo* particularly described by the defendant in his answer, then the justice should dismiss the action generally, and the plaintiff, in his action in the supreme court, would be confined to the *close* particularly described by the defendant, in which the answer or defense of title applies.

5th. The issues in such action must be framed before the justice, where no other pleadings than a complaint, answer and demurrer are allowed. And it lays with the defendant to limit his justification or defense of title to meet his own views in this respect; he can make the issue of title as broad or as narrow as he chooses, and must take the consequences of raising an issue against his adversary which he cannot maintain.

6th. A cause of action for *trespass on land* is different from one of *trespass quare clausum fregit*. In the former, there may be a lawful entry on the land, and a trespass committed thereon after such entry; and a *general denial* in the answer to such action would not necessarily raise the question of title: whereas, in the latter case, the gist of the action is an unlawful entry upon the land, and to authorize a recovery,

## SUPREME COURT.