ELIZABETH NEWCOMBE v. GEORGE IRWIN AND DOC IRWIN, BY PLINY IRWIN, GUARDIAN AD LITEM.

*Trespass—Question of title.*

Forcible disturbance of peaceable possession is a trespass; and an action therefor involves no question of title.

Error to Van Buren. (Mills, J.) Jan. 9.—Jan. 14.

TRESPASS *qu. cl.* Defendants bring error. Affirmed.

*J. J. Sherman, Geo. E. Breck* and *Geo. W. Lawton* for appellants.

*Benj. F. Heckert* for appellee.

COOLEY, C. J. This is an action of trespass quare clausum, begun in justice's court. The plaintiff did not claim title by her declaration, but the defendant gave notice that title would come in question, and the case was certified to the circuit court.

On the trial in the circuit court the plaintiff gave evidence that she occupied the west half of a certain quarter section

of land which she had purchased three years before; that the defendant Pliny Irwin occupied the east half of the same quarter section; that a line fence divided their respective possessions and each had cultivated the land up to this fence; and that in the fall of 1883 she had cut clover for seed on her side next to this fence, and the defendants had drawn it away, which was the trespass complained of. On her cross-examination it was shown that in 1881 the county surveyor had surveyed this quarter section and by his survey the division fence was some ten rods on Irwin's land, and since that time the parties respectively had claimed this strip between the old division fence and the dividing line indicated by the survey, and had been endeavoring to obtain and hold the possession as against each other.

The defendants then offered to prove title in Pliny Irwin to the east half of the quarter section, but the evidence offered was ruled out, and the trial judge certified that the title to land did not come in question. This ruling constitutes the error complained of.

There was no error in holding that title was not in question. It appears not to have been disputed that up to the time of the survey made by the county surveyor the plaintiff was in possession up to the old division fence. If the survey showed that she occupied any part of Irwin's land, taking possession forcibly and against her will was not a proper remedy. To disturb a peaceable possession by force is a trespass irrespective of ownership; and if the plaintiff had possession in fact, the forcible disturbance of her possession was made out beyond question. The judge was therefore right in treating the issue as one of possession merely.

The judgment is affirmed.

The other Justices concurred.