JENNIE HOCHSTRASSER, Appellant, *v.* GEORGE B. MARTIN and Another, Respondents.

*A private nuisance defined — action to restrain its continuance — proof of the injury to the plaintiff thereby.*

A private nuisance is defined to be anything done to the hurt or annoyance of the lands, tenements or hereditaments of another.

It is material upon the trial of an action brought to restrain the continuance of an alleged nuisance, in determining the question whether the thing complained of is or is not a nuisance, for the jury to determine whether the plaintiff has in fact been hurt or injured thereby.

APPEAL by the plaintiff, Jennie Hochstrasser, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Saratoga on the 26th day of October, 1892, upon the verdict of a jury rendered after a trial at the Saratoga Circuit, and also from an order denying the plaintiff's motion for a new trial made upon the minutes.

The relief demanded in the complaint was that the defendants be restrained and enjoined from continuing the alleged nuisance, and that the plaintiff recover of the defendants her damages to the amount of $500.

*E. F. Bullard,* for the appellant.

*John Foley,* for the respondents.

HERRICK, J.:

Substantially the only question raised upon this appeal is upon the refusal of the judge to charge " that the condition of plaintiff's henery and privy are wholly immaterial in this case, except so far as they would reduce the rental value of the premises without the nuisance in question," and his charge " I shall refuse to charge in that regard and leave it to you, the jury, to consider as a circumstance of the locality, and to say whether it was a locality where a nuisance would be created by running a stable."

" A private nuisance is defined to be anything done to the hurt or annoyance of the lands, tenements or hereditaments of another." (*Heeg* v. *Licht,* 80 N. Y. 579–582.)

It is a material circumstance, therefore, in determining the ques-

tion whether the thing is or is not a nuisance, for the jury to deter-mine whether the plaintiff has been in fact hurt or injured, and it needs no argument, it seems to me, to show that the condition of the plaintiff's property, how it is used and occupied, the character, kind and description of the property, whether the property was of that character or so used, that it could be, or was injured by the act complained of, are all circumstances to be taken into consideration by the jury in determining the question whether or not the plain-tiff has been in fact injured or hurt, whether in truth the act com-plained of is a nuisance; consequently the locality, the character of the locality, the business there carried on, the liability to injury or damage to the people and property located and residing there, are material elements in determining whether a business is or is not a nuisance. (*Heeg* v. *Licht, supra.*)

It seems to me, therefore, that the court was correct in its charge, and its refusal to charge, and that the judgment should be affirmed.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment affirmed, with costs.