THOMAS DOLAHANTY v. PATRICK LUCEY.

101 113
f122 693

*Trespass—Title to lands—Pleading—Costs.*

1. Chapter 272, How. Stat., which provides for the recovery of treble damages in actions for trespasses on lands, and which contains no provision as to costs, must be construed in connection with How. Stat. §§ 6890–6893, 6897, which provide that, in every action in justice's court where the title to land shall in any wise come in question, the defendant may give notice thereof under his plea of the general issue, and, upon filing the required bond, the justice shall certify the case to the circuit court for trial, and, if plaintiff recovers judgment, he shall recover double costs, and if defendant recovers judgment, other than that of nonsuit, and the presiding judge shall certify that the title to land did not come in question, the defendant shall not recover costs, but shall pay costs to the plaintiff.

2. Where, in an action of trespass in justice's court, the declaration charges that the defendant, with force and arms, and contrary to the provisions of section 1, chap. 272, How. Stat., entitled "Trespasses on Lands," did cut down and carry off,

101 MICH.— 8.

without and against the leave of the plaintiff, the owner and occupant in possession thereof, divers trees (describing them) then and there being and standing upon the land of the plaintiff (describing it), by means whereof plaintiff has lost and been deprived of said trees, and said lands and premises of the plaintiff have been greatly injured and depreciated in value, whereby the said defendant has, by force of said statute, forfeited three times the amount of damages sustained by the plaintiff, and the case is certified to the circuit court for trial upon a plea of title, and on the trial the real point in controversy is whether or not the plaintiff gave permission to the defendant to enter upon the land and cut the trees, which issue is found and a verdict rendered in favor of the defendant, the title to land does not come in question, and the court is justified in so certifying.

Error to Genesee.    (Newton, J.)    Submitted on briefs April 24, 1894.    Decided June 16, 1894.

Trespass.    Defendant brings error.    Affirmed.    The facts are stated in the opinion.

*Black & Brown,* for appellant.

*George E. Taylor* and *Ransom C. Johnson,* for plaintiff.

LONG, J.    This action was commenced in justice's court.    The declaration charges that the defendant, with force and arms, and contrary to the provisions of section 1, chap. 272, How. Stat., entitled " Trespasses on Lands," did cut down and carry off, without and against the leave of the plaintiff, the owner and occupant in possession thereof, divers trees (describing them) then and there being and standing upon the land of the said plaintiff (describing it), whereby plaintiff has lost and been deprived of said trees.    It is further alleged that the said premises have been greatly injured and depreciated in value, and that by reason of the acts complained of the defendant has forfeited three times the damages by the plaintiff sus-

tained. Defendant pleaded title, and the cause was certified to the circuit court for trial.

On the trial the plaintiff's testimony showed that he occupied the E. $\frac{1}{2}$ of the E. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of section 17, of the township of Gaines, and had occupied it for 12 years, and that his brother had occupied it for 6 years before that time; that the defendant owned the 40 acres on the north; that the two places were divided by a line fence; and that the trees cut were on the plaintiff's side of this fence, which was built in 1875. The defendant admitted on the trial that he cut the trees in question on the plaintiff's side of the fence, but claimed that he obtained plaintiff's permission to cut them to fix the line fence. There was one large oak tree, which stood on plaintiff's side of the fence, which defendant cut; but defendant says, "As the old fence set, if the line had been drawn through the center of the fence, this oak tree would have been on my side." Plaintiff contended that he gave defendant permission to cut only dead trees, and that he cut live ones. It appears that defendant claimed to have made a survey of the line prior to the time he cut the trees, and that the true line was over some distance on plaintiff's land, but he offered no competent evidence of the fact. This survey was made without the knowledge or consent of the plaintiff. It was sought to be shown by the defendant, by this survey, that this was the true line, but the court held that the plaintiff was not bound by this survey. The fence was moved over by defendant upon the newly-surveyed line after this suit was commenced.

The court charged the jury (1) that if they found that defendant had leave from the plaintiff to enter, and cut the poles in question, he could not be held in this action in damages for cutting them; (2) that they must find that the timber was cut in a willful manner, and with

bad design; (3) that the removal of the fence could not be considered to reduce or add to any damages, as it was moved after the commencement of the suit. On the part of the plaintiff the court charged:

" The law discourages the changing of long-established lines. The county surveyor cannot, by virtue of his office, make division lines between adjoining property-owners, and his action is not binding without the consent of the land-owner. The acts of the defendant in making the survey were *ex parte,* and would not bind the plaintiff.

" Forcible disturbance of peaceable possession is a trespass, and an action therefor involves no question of title."

The court, upon its own motion, charged the jury, substantially, that if the old fence was built in the spring of 1875 by the plaintiff's grantor, and maintained thereafter, continuously and uninterruptedly, by the plaintiff and his grantor, and they occupied the lands up to said fence, and their occupation was open, plain, notorious, and adverse to every other person, and continued up to the time of the alleged trespass, which was more than 15 years from the time the fence was built, that would give the plaintiff title to the lands. The court further charged the jury that if the defendant, without leave or permission of the plaintiff, entered upon these lands, and cut the timber, then plaintiff would be entitled to nominal damages for defendant's going upon the land, and also to the value of the trees taken; and that, if the plaintiff gave his consent to cut dead trees, that would not authorize the defendant to cut live timber.

Upon this charge the jury returned a verdict in favor of defendant. Upon the finding of the jury the court directed that costs be awarded to the plaintiff. The court also entered a finding in the case certifying that the title to the lands did not come in question on the trial of the cause   Defendant brings error, and claims that he should have been awarded the costs.

It is contended by his counsel:

1. That the action having been brought under section 1, chap. 272, How. Stat., for trespass, making a claim thereunder for treble damages, the court had no power to award costs to the plaintiff, for the title to land does come in question if title is set up by the pleadings. Counsel cite in support of this proposition *McFarlane v. Ray,* 14 Mich. 465; *Rawson v. Finlay,* 27 Id. 268; *Achey v. Hull,* 7 Id. 423. These cases do not seem to reach the questions in controversy here, nor do they determine the rights of the parties as to the costs, as the statute under which the action was commenced makes no provision as to costs. The statute must be read, however, in connection with other provisions of the statute regarding costs in cases where titles to lands come in question.

It is provided by How. Stat. §§ 6890–6893, that, in every action where the title to land shall in any wise come in question, the defendant may give notice thereof under the general issue upon the return-day or any adjourned day of such action; that such plea and notice shall be in writing, signed by the defendant or his attorney, and delivered to the justice; and that the justice shall, upon the filing of the required bond, certify the cause to the circuit court for trial.

By section 6897 it is provided:

" If the judgment in such suit in the circuit or district court shall be for the plaintiff, he shall recover double costs; if it be for the defendant (other than judgment of nonsuit), and the presiding judge of the court before which the issue is tried shall certify that the title to lands did not come in question, the defendant shall not recover costs, but shall pay costs to the plaintiff."

We think there can be no doubt that, though the action was commenced under chapter 272, yet the matter of costs is governed, in this class of cases, by the provisions of the section above quoted.

2. That the court was in error in certifying that the title to the lands did not come in question on the trial. We think this position cannot be maintained. The plaintiff declared upon his possessory rights to the lands from which the timber was taken. He did not set up title in fee in his declaration, but claimed possession of the premises, and that his possession had been invaded, and the timber taken away. The real point in controversy was, whether the plaintiff had given permission to defendant to enter upon these lands and cut the trees, though the court instructed the jury, in the general charge, that if plaintiff's possession had been notorious, open, continued, and adverse for more than 15 years, such possession ripened into a perfect title. Yet, even upon this charge, the jury found a verdict in favor of defendant; so that we are satisfied, upon defendant's contention alone, that he had permission to cut the trees, the jury having found in his favor. It is evident, therefore, that the title to the lands did not come in question, and the court was correct in so certifying. We think the case is governed by *Newcombe v. Irwin*, 55 Mich. 620.

Judgment is affirmed.

The other Justices concurred.