TAYLOR *v.* MONTCALM CIRCUIT JUDGE.

APPEALS FROM JUSTICE'S COURT — PLEA OF TITLE—JURISDICTION.
  1 Comp. Laws 1897, §§ 782, 789, which provide that a defendant
    prevailing-in the circuit court in a suit which he caused to
    be certified from justice's court upon his notice that the title
    to land was involved shall not recover his costs if the trial
    judge shall certify that title did not come in question, but shall
    in such case pay costs to the plaintiff, contemplate that
    causes so certified shall be tried in the circuit court•upon the
    merits, and it is therefore error for a circuit judge to dismiss
    such a case for want of jurisdiction upon a finding merely
    that title is not involved.

*Mandamus* by Henrietta W. Taylor to compel Frank
D. M. Davis, circuit judge of Montcalm county, to vacate
an order dismissing an appeal from justice's court.  Sub-
mitted January 2, 1900.  Writ granted February 20, 1900.

Relator brought suit in justice's court in trover for the
conversion of certain stone which she alleged the defend-
ant removed from her land.  The defendant, with his
plea, gave notice that the title to the land would come in
question, filed the statutory bond, and the case was there-
upon certified to the circuit court.  The case was heard
before the court without a jury.  The court found that
the title to the land was not in question, and dismissed the
appeal for want of jurisdiction, and ordered that either
party might have 20 days to refer the case back to the
justice's court for trial.  The relator now asks the writ of
*mandamus* to compel the circuit court to proceed and try
the case.

*William O. Webster*, for relator.

*Frank A. Miller*, for respondent.

PER CURIAM.  The provisions of the statute applicable

to this case are sections 782, 789, 1 Comp. Laws 1897. They read as follows:

"SEC. 782. In every action where the title to land shall in anywise come in question, the defendant may give notice thereof, under the general issue, upon the return day or any adjourned day of such action, and he may also give notice as in other cases of any other matter of defense."

"SEC. 789. If the judgment in such suit in the circuit or district court shall be for the plaintiff, he shall recover double costs; if it be for the defendant (other than judgment of nonsuit), and the presiding judge of the court before which the issue is tried shall certify that the title to lands did not come in question, the defendant shall not recover costs, but shall pay costs to the plaintiff."

We think the learned circuit judge was clearly in error. When the defendant has removed his case to the circuit court under this law, the statute contemplates that the trial upon the merits should be had in that court. The proper practice in these cases is that followed in *Dolahanty* v. *Lucey*, 101 Mich. 113, and *Newcombe* v. *Irwin*, 55 Mich. 620, and many other cases which might be cited.

The writ will issue, directing the circuit court to set aside the order of dismissal, and to proceed with the trial of the case.