paper, which otherwise became immaterial for the purposes of the adjudication. Schoonmaker therefore was not a witness available to Horton to prove the personal transaction with Frey (Hill v. Alvord, supra), and, the defense being wholly unsupported by competent evidence, the plaintiff was entitled to judgment.

Judgment in favor of defendant Horton reversed, and new trial ordered, with costs to appellants to abide the event. All concur.

---

(89 App. Div. 38.)

FRIEDMAN v. NEW YORK & H. R. CO. et al.

(Supreme Court, Appellate Division, First Department. December 18, 1903.)

1. NUISANCES—RAILROAD YARD.
   The operation of a railroad yard in an ordinary manner, without negligence, is not a nuisance for which an owner of adjoining property may recover, although his premises are injured by the smoke and dirt discharged from the engines, and his property decreased in value, owing to the noises and other inconveniences arising from the yard.
   Hatch, J., dissenting.

Appeal from Special Term, New York County.

Action by Lewis Friedman against the New York & Harlem Railroad Company and others. From a judgment for defendants, plaintiff appeals. Affirmed.

The action was to recover damages and for injunction for nuisance maintained by the defendants in operating their railroad train yards from Forty-Fifth to Fifty-Second streets, New York City, the plaintiff alleging that his premises, which are located on the north side of Forty-Sixth street, some 150 feet from the railroad tracks, are injured by the smoke and dirt discharged upon them from the defendants' engines, and that his property has decreased in value, also, owing to the noises and inconveniences created by the defendants in the maintenance of their railroads and yards. The answer denies that a nuisance exists; alleges that the defendants are operating their trains, switches, roundhouses, etc., as duly authorized and directed by law, and that the operation is necessarily attended with noise, and the emission of smoke, steam, vapors, and dust. Upon the trial, testimony was given to the effect that the plaintiff's premises were discolored by smoke, soot, steam, and cinders emitted from defendant's engines and houses, requiring yearly repairs, cleaning, and painting, and that the interior of the house was stained and discolored, and the furniture, carpets, and furnishings therein were also injured thereby, and that the incessant passage of trains day and night, with the puffing and ringing and whistling and noise of moving cars, rendered the premises less valuable for renting purposes than they would otherwise be. The defendants offered no evidence to offset that of the plaintiff, but rested upon putting in evidence the various acts and laws by virtue of which they operated their trains and yard. Upon the evidence the trial court found—a jury having been waived—that the injuries suffered were the result of the lawful operation of the road, for which no damages could be recovered; and from the judgment entered upon this decision, dismissing the complaint, the plaintiff appeals.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, and LAUGHLIN, JJ.

Frank M. Hardenbrook, for appellant.
Ira A. Place, for respondent.

¶ 1. See Nuisance, vol. 37, Cent. Dig. §§ 4, 11, 24.

O'BRIEN, J.  Although it was testified that there was a round-house or powerhouse in the yard which was used by the railroad companies, no claim was made that the use to which it was put was such as in and of itself to constitute a nuisance.  Had it been shown that the roundhouse, as used, was a nuisance, then the plaintiff would have brought himself within the doctrine of Cogswell v. N. Y., N. H. & H. R. R., 103 N. Y. 10, 8 N. E. 537, 57 Am. Rep. 701.  It there appeared that the defendant had erected upon a lot adjoining the dwelling house owned by the plaintiff an engine house and coal bins for its road, and used the same in operating it.  The smoke, soot, cinders, and coal dust caused by such use filled plaintiff's house; rendering the air offensive and unwholesome, and the house untenantable.  It was held that the engine house, as used, was a nuisance, and that, even though the defendant had legislative authority for running its trains, it had no legislative sanction to the committing of such a nuisance, and therefore an action was maintainable to recover damages and restrain the nuisance.  So, too, in the case of Garvey v. Long Island R. R., 159 N. Y. 323, 54 N. E. 57, 70 Am. St. Rep. 550, which was an action brought to restrain the use of a turntable, it was held (headnote) that:

"The general statutory power to construct and operate a steam surface railroad does not authorize such an unreasonable construction and use of a turntable in a terminal yard in the vicinity of an inhabited dwelling on adjoining private property as to seriously, continuously, and permanently injure the adjoining premises, and impair their enjoyment, without compensation; and, if a turntable is so used as to have that effect, such use constitutes a nuisance which may be enjoined."

And in the late case of Sadlier v. City of New York, 40 Misc. Rep. 78, 81 N. Y. Supp. 308, which was a suit to restrain a nuisance, it appeared that the New York and Brooklyn Bridge on the Brooklyn side was about 80 feet above the roof of the plaintiff's building, which was about 20 feet away from the bridge, and that dirty water and slush accumulated on the wagon roadway of the bridge, and ran off in considerable quantities and volume, and, owing to the action of the wind, it was cast upon the roof of plaintiff's building, and against the side and windows thereof; and it was held that, though there was legislative authority to build the bridge, it could not be suffered to be used in the manner claimed, to plaintiff's injury, without his being entitled to damages therefor.

These cases are easily distinguishable in principle from cases like Uline v. N. Y., C. & H. R. R. Co., 101 N. Y. 107, 4 N. E. 540, 54 Am. Rep. 661, wherein it was held:

"But wherever a railroad is lawfully built, with proper care and skill, there it is not a nuisance.  What the law sanctions and authorizes is not a nuisance, although it may cause damages to individual rights and private property.  If a railroad be built upon a highway after acquiring the public right and the private property, if any, in the street, or the soil thereof, then the owners thereof are not responsible for any damages necessarily resulting from the construction or operation of the railroad to private property adjacent or near to the road; and so, too, the law has been settled in this state by many decisions."

In Flinn v. N. Y. C. & H. R. R., 142 N. Y. 11, 36 N. E. 1046, also, it was held that a railroad company is not liable for the unavoidable

and usual consequences to adjacent property by the proper operation of its road.

Here the plaintiff neither alleged nor proved that the railroads were operated negligently or improperly, nor was it claimed that the injuries suffered were other than those caused by the regular operation of the roads; and the learned trial judge found, as matter of fact—the case having been tried by him without a jury—that there was no injury from any cause other than from the lawful and orderly operation of the roads, and held that for such injury no compensation could be allowed under the principle of damnum absque injuria. The legal question presented, therefore, is whether the case is controlled or governed by Garvey v. Long Island R. Co., supra, and like cases, or by the principle enunciated in Uline v. N. Y. C. R. R., supra, and kindred cases. The learned trial judge concluded, upon the evidence, that the latter were controlling, and in this view we concur.

The judgment, accordingly, should be affirmed, with costs.

VAN BRUNT, P. J., and LAUGHLIN, J., concur.

HATCH, J. (dissenting). I am unable to concur in the conclusion reached by the majority of the court in this case. In principle, I think the facts shown upon the trial bring the case within the doctrine announced in Garvey v. L. I. R. Co., 159 N. Y. 323, 54 N. E. 57, 70 Am. St. Rep. 550. The evidence fairly established that in the use which was made by the defendants of their yard a nuisance was created, from which the plaintiff suffered special injury, and that the legislative authority to maintain and operate a railroad does not justify, and did not in this case, the creation of such a nuisance. The method by which the nuisance was created is not of consequence if it exists. It being shown that special injury was occasioned to the plaintiff therefrom, his right of action accrued, and the authority to maintain and operate the railroad was not a defense to the action. The learned court below was therefore in error in dismissing plaintiff's complaint, for which reason the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.