(66 Misc. Rep. 222.)

### VOCK v. AUTERBOURN et al.

(City Court of New York, Special Term. February, 1910.)

1. PLEADING (§ 193*)—ACTION (§ 45*)—DEMURRER—GROUNDS—MISJOINDER OF CAUSES.

A complaint, in an action for personal injuries, with an allegation as to injuries to personal property, is demurrable for misjoinder of causes.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 193;* Action, Cent. Dig. § 416; Dec. Dig. § 45.*]

2. ARREST (§ 28*)—ORDER OF ARREST—INSUFFICIENT AFFIDAVIT.

Where a complaint was demurrable for misjoinder of causes, an order of arrest on an affidavit containing the same allegations as to the causes of action that are contained in the complaint will be reversed under Code Civ. Proc. § 558, on the ground that the complaint fails to state a sufficient cause of action under Code Civ. Proc. § 549.

[Ed. Note.—For other cases, see Arrest, Dec. Dig. § 28.*]

Action by Edward D. Vock against Albert Auterbourn and John Stone Guthier. Motion to vacate an order of arrest. Granted.

See, also, 122 N. Y. Supp. 233.

Charles A. Taussig, for plaintiff.

William E. Morris, for defendants.

DONNELLY, J. The order of arrest herein was granted upon the summons and complaint, an affidavit, and an undertaking. The defendants move on plaintiff's papers to vacate said order of arrest on the ground, among others, that there are two causes of action united in one count in the second paragraph of the complaint, which is contrary to law, and that the affidavit upon which said order was granted contains the identical allegations relative to the alleged causes of action contained in the complaint, and is not sufficient in law. The paragraph of the complaint in question alleges an action to recover damages for a personal injury, and also an action for damages for injury to personal property. The affidavit upon which the order of arrest was granted sets forth in the same identical language the two causes of action mentioned in the complaint.

The Court of Appeals, in the case of Reilly v. Sicilian Asphalt Pavement Co., 170 N. Y. 40, 62 N. E. 772, 57 L. R. A. 176, 88 Am. St. Rep. 636, held that an injury to the person and an injury to property, although resulting from the same tortious act, constitute different causes of action, and a judgment for damages to property recovered in one court, and the satisfaction thereof, is not a bar to the maintenance of an action for an injury to the person in another court, arising from the same act.

In Powers v. Sherin, 89 App. Div. 38, 85 N. Y. Supp. 90, the court states the rule to be that:

"Where causes of action which may not be joined are pleaded in a single count of the complaint, the defendant may demur for misjoinder without first requiring that they be separately stated and numbered. Goldberg v. Utley, 60 N. Y. 427; Crowell v. Truesdell, 67 App. Div. 502 [73 N. Y. Supp. 1013]."

Section 558 of the Code of Civil Procedure provides that at any time after the filing or the service of the complaint the order of arrest must be vacated on motion, if the complaint fails to set forth a sufficient cause of action, as required by section 549 of this act. The complaint having been served and being demurrable for misjoinder of actions, and the allegations of the affidavit being identical with the allegations of the complaint, it follows that the order of arrest should be vacated under section 558 of the Code of Civil Procedure, for the reason that the complaint fails to set forth a sufficient cause of action as required by section 549 of the said Code.

Settle order on one day's notice.

Motion granted, with $10 costs.