ROSE COLLAR, Respondent, v. ULSTER AND DELAWARE RAIL-
ROAD COMPANY, Appellant.

(County Court, Otsego County, May, 1911.)

Evidence — Documentary evidence — Official books and documents —
Official certificates.
Municipal courts — Jurisdiction — City Court of Oneonta — Damages to
freehold.

> The City Court of Oneonta has no jurisdiction of an action by
> an owner of real estate to recover for damages to the freehold
> against a railroad company, for maintaining in the neighborhood
> of plaintiff's property a nuisance, consisting of the discharge
> from its locomotives of smoke, soot, cinders, ashes and dust and the
> making of loud and unnecessary noises.
>
> Upon the trial of an action, the title to real estate cannot be
> shown by a clerk's abstract or certified search.

ACTION for damages for maintaining a nuisance.

W. H. Johnson (Amos Van Etten, of counsel), for ap-
pellant.

B. W. Hoye, for respondent.

KELLOGG, J.    The cause of action stated in the complaint
is that the plaintiff was, and still is, the owner of the free-
hold situated on the easterly side of Wells avenue, in the city
of Oneonta, N. Y., known as No. 11, and that the defendant
is a domestic railroad corporation, duly organized, incor-
porated, and existing under and by virtue of the laws of the
State of New York, and that it is now the owner and in pos-
session of and operates and conducts its said railroad, to-
gether with its stations, round-houses, tracks, cars, trains,
engines and switches near plaintiff's property in the said city
of Oneonta; and that it has continued to so operate its said
railroad, consisting of the property mentioned, for many
years last past.

It is also claimed by the plaintiff that the defendant has
maintained, and threatens to continue to maintain, in the

immediate vicinity of plaintiff's said dwelling house, a
nuisance, as follows, to wit:.In the operation of its road, and
in using and running its engines, it thereby causes large
quantities of smoke, soot, dust, ashes and cinders to be cast
upon plaintiff's dwelling and lands; that said nuisance con-
sists, further, among other things, of soft coal, and improper
fuel, and causes such smoke, soot, cinders, ashes and dust to
pour forth from its engines and smokestacks, and to become
deposited on plaintiff's premises in large quantities, both
within and without said dwelling house, where plaintiff re-
sides; that said smoke, soot, cinders and ashes are obnoxious,
unwholesome and injurious to the plaintiff and her family,
and taint the air, soil and destroy furniture and wearing ap-
parel; destroy vegetation, trees, fruit and flowers; render
said dwelling house and premises unfit for habitation; greatly
discolor and injure the sale of said dwelling; and that the
defendant permits and maintains its engines and cars in
proximity to plaintiff's dwelling to create loud and penetrat-
ing noises and unnecessary sounds, by blowing of whistles,
escape of steam and continuous pumping of air; that, by
reason of such facts, the defendant has and threatens to con-
tinue a nuisance, which has diminished the value of plain-
tiff's premises in the sum of $500. We thus have three
charges against the defendant set forth in the complaint,
to wit: a nuisance, improper fuel and unnecessary sounds.

The action of the plaintiff, then, was solely for damages,
in that plaintiff's property had been diminished in value;
and, in order to entitle the plaintiff to recover, it was neces-
sary for her to establish that her property had been so
diminished in value.

It appears that the plaintiff was in occupancy of the prem-
ises of which she claims to be the owner in fee prior to the
time the defendant came into Oneonta and constructed its
yards and tracks and operated its railroad.

The answer in substance put in issue plaintiff's ownership
of the premises, the allegations of damage, the jurisdiction
of the court, and affirmatively alleged the defendant's owner-
ship of its property and its right to use and occupy the same
for the purposes and in the manner in which it had so used
and occupied the same.

I think the court was without jurisdiction to determine any of the issues involved in this action.

The City Court of Oneonta is a court of limited jurisdiction. In fact, so far as it relates to this kind of an action, the jurisdiction is no greater than that of a justice's court. There is nothing in the complaint tending to show that this is what is sometimes called a possessory action; in other words, it is based on the assumption of ownership and upon the assumption of injury to the inheritance.

The action for a nuisance is a common-law action, or, in any event, so far as it may be deemed a statutory action, it is regulated by the provisions of the Code of Civil Procedure (§ 1660) and contemplates the bringing of the action into a court of general original jurisdiction, and not in a court of special or limited jurisdiction, such as the City Court of Oneonta. It follows, therefore, that the plaintiff has entirely mistaken her remedy or, in any event, is mistaken in her choice of the court she has made to seek relief.

It is provided in the Code of Civil Procedure, in relation to actions in justice's court, that, if it shall appear by the plaintiff's own showing (§ 2956) that the title to real estate is in question, and that title is disputed by the defendant, the court must dismiss the action. The theory of the plaintiff is, here, that she is the owner of the premises mentioned in the complaint, and that the same have been depleted in value. Clearly the court has not jurisdiction of the action, as it possesses no equitable jurisdiction. It has no power to abate the alleged nuisance, nor to adjudge a certain existing condition to constitute a nuisance; and the defendant was entitled to have the action dismissed.

In order to sustain the jurisdiction of the City Court in this action, attention has been called to the language employed by section 212, subdivision 2, of the city charter of Oneonta.

Section 212 provides: " Jurisdiction in civil actions and proceedings.— Except as limited by the next succeeding section, the city court shall have jurisdiction of the following civil actions and proceedings, to wit: Subdivision 2. An action to prove damages for a personal injury or injuries to property where the sum claimed does not exceed five hundred dollars."

Section 213 following provides, however, that the City Court is not to take cognizance of certain actions, and says: " The city court shall not take cognizance of a civil action in either of the following cases: I. Where the title to real property comes in question, as is prescribed in title three of chapter nineteen of the code of civil procedure, except as provided in section two hundred and forty-two of this act, and when such question arises, the pleadings and practice shall be the same as are provided by law for courts of justices of the peace in towns in regard thereto."

Section 212, above referred to, relates solely to actions to recover penalties; and for all practical purposes the City Court of Oneonta possesses the same jurisdiction and no other than that which is vested in courts of justices of the peace. It may be conceded that an action in justice's court might be maintained for trespass, by alleging and proving the actual or constructive possession of the plaintiff in such a case (Carter v. Pitcher, 87 Hun, 580; Van Rensselaer v. Van Rensselaer, 9 Johns. 377; Douglas v. Valentine, 7 id. 273; Russell v. Scott, 9 Cow. 279; Edwards v. Noyes, 65 N. Y. 125), but the injury would be solely to the person and not to the fee of the land.

This is clearly so, as trespass is defined to be any misfeasance or act whereby another is injuriously treated or damnified; any unlawful acts committed with violence, actual or implied, to the person, property or rights of another; any unauthorized entry on the realty of another to the damage thereof. 1 Bouv. L. Dict. 747.

Every unwarrantable entry on one's soil the law entitles a trespass, for every man's land is, in the eye of the law, inclosed, and set apart. 3 Black. Comm. 209; Bilen v. Paisley, 21 Pac. Rep. 934.

To disturb a peaceable possession, as well as doing some damage to real property, is a trespass. Hulick v. Scovil, 9 Ill. 159; Newcombe v. Erwin, 22 N. W. Rep. 66; Talbot v. English, 156 Ind. 299; McAdam Landl. & Ten., § 418; 8 Words & Phrases, 7088.

I think the City Court of Oneonta would have had jurisdiction of an action to recover damages for trespass, but such

is not the cause of action alleged in the complaint, to wit, damages to the freehold.

In trespass, however, the jurisdiction is arrested if the defendant plead title, or if it appear by the plaintiff's own showing that the title to land is in question. Willoughby v. Jenks, 20 Wend. 96.

Ordinarily a justice's court can only be ousted of jurisdiction by a plea of title, and by giving the undertaking required by statute. Yet, where it appears by the plaintiff's own showing, as in this case, that the title to real estate is in question, then it becomes the statutory duty of the court to dismiss the action; and this same statute applies to the City Court of Oneonta. The distinction between possession and title is this: Possession means " The actual control by physical occupation;" whereas, title is defined " The means whereby a person hath the possession of his lands."

The judgment of a justice is void where a disputed title to land is in question, and a plea of right of way deprived the justice of jurisdiction. Gage v. Hill, 43 Barb. 44; Striker v. Mott, 6 Wend. 465; Hall v. Hodskins, 50 How. Pr. 15; Heath v. Barmour, 53 Barb. 444; Whiting v. Dudley, 19 Wend. 373; Lane v. Young, 66 Hun, 563; 50 N. Y. St. Repr. 623.

I think it was also error to receive the certified search in evidence for the purpose of establishing the title of the plaintiff to the premises claimed to have been occupied by her.

It was doubtless incumbent upon her to prove ownership in fee in order for her to maintain an action for a private nuisance. The title to real estate, however, cannot be shown by a clerk's abstract or certified search. Section 833 of the Code of Civil Procedure provides that copies of records duly certified shall be presumptive evidence; but I am not able to find any adjudicated case which holds that a mere abstract is evidence of title, nor do I think that Clark v. Nixon, 5 Hill, 36, relied upon by the respondent, is such authority. That case holds that a recorded conveyance of the lands or a certified copy of such conveyance may be introduced in evidence for the purpose of proving title.

In order to prove her title, it was necessary for the plain-

tiff to produce a deed which satisfied the requirements of the law; and such deed may have been proved, either by producing the original or the record or a certified copy of the record. Abb. Tr. Ev. 874.

It is very strongly urged by the learned counsel for the appellant that the plaintiff in this action was permitted to recover upon a cause of action not stated in the complaint, and that it was error to receive the evidence of rental value. Cogswell v. N. Y., N. H. & H. R. R. Co., 103 N. Y. 10, was an action brought to recover damages against the defendant, in that it maintained a private nuisance to the property of the plaintiff. Proof was permitted, in that case, that the house was rendered untenantable and could not be rented, although prior to the erection of the alleged nuisance it had been rented for a large sum; and such evidence appears to have been considered by Andrews, J., who wrote for the Court of Appeals, some evidence of damage; but, having reached the conclusion that the trial court was without jurisdiction, I am not called upon to decide here as to whether such evidence was or was not properly or improperly admitted, or as to whether the plaintiff tried her action upon the theory of trespass, or as to whether in an action to recover for an alleged trespass evidence of loss of rental value would have been competent or incompetent.

The plaintiff contends that the statute confers no unusual power on the defendant, but simply authorized it to construct and operate a steam surface railroad; that the implied powers springing from the express power to maintain a railroad do not extend to the grievances complained of by the plaintiff, nor permit the ruin of her property, as she claims, without just compensation; that, while the welfare of the public and the necessities of travel require that the plaintiff should submit to annoyances caused by a reasonable use of the property of the defendant, she is not obliged to submit to an unreasonable use, which she claims the evidence in the case has established, citing Garvey v. L. I. R. Co., 156 N. Y. 323; Cogswell v. N. Y., N. H. & H. R. R. Co., 103 id. 10; Morton v. Mayor, 140 id. 207; Booth v. R., W. & O. R. Co., id. 267; Bohan v. Port Jervis Gas Light Co., 122 id. 18;

Amherst v. Rich, 151 id. 282; Baltimore & Potomac R. Co. v. First Baptist Church, 108 U. S. 317; Rosenheimer v. Standard Gas Light Co., 36 App. Div. 1.

On the other hand, it is urged by the defendant that no property rights of the plaintiff have been invaded by reason of the state of facts as adduced upon the trial, inasmuch as it had authority for what it did in the statute which created it; and that, when the Legislature authorizes the operation of a steam surface railroad, it impliedly sanctions and legalizes its inconveniences and annoyances to others which are inseparable from the proper conduct of such an enterprise; that it has not done nor permitted anything to be done except that which it had the lawful right to do, as the owner and operator of its railroad property; and that there has been no want of proper care and skill on its part; and that the proper rule of law to be applied is, as stated by O'Brien, J., in Friedman v. N. Y. C. R. Co., 89 App. Div. 38; citing Peck v. Newburgh Light & Power Co., 132 App. Div. 82; McCarthy v. National Carbonic Gas Co., 189 N. Y. 40; Hatch v. Central R. R. Co., 25 Vt. 67; Uline v. N. Y. C. & H. R. R. R. Co., 101 N. Y. 98; Radcliff v. City of Brooklyn, 4 id. 195; Davis v. City of New York, 14 id. 506; Bellinger v. N. Y. C. R. Co., 23 id. 42; Kellinger v. Forty-second St. R. Co., 50 id. 206.

The right to exist and operate being unquestioned, as a matter of law, it becomes a material circumstance, in determining the question whether a thing is or is not a nuisance, to ascertain from the facts whether the plaintiff has been hurt or injured by the unreasonableness of the methods employed. Hochstrasser v. Martin, 74 Hun, 338.

The trial court, as I think, not having had jurisdiction of the cause of action alleged in the complaint, I have concluded that it would not be proper for me to determine the legal propositions last above stated, as they are applicable, in my opinion, to the facts included in the record. For the reasons stated, however, the judgment of the City Court herein should be reversed, with costs.

Judgment reversed, with costs.