## RANIAK *v.* KRUKOWSKI.

1. TRESPASS—OWNERSHIP NOT A DEFENSE TO ACTION FOR TRESPASS. Where plaintiffs had had possession of certain city lots under color of title for several years, and had built thereon a fence and a garage, and defendants, during plaintiffs' absence, entered upon said premises and caused damages to the agreed extent of $228, it was no defense, in an action for same, that defendants claimed title to the lots in question, since their action constituted a trespass irrespective of ownership, and the trial judge was in error in refusing to direct a verdict for plaintiffs for said amount.

2. EJECTMENT—TITLE TO LAND. Ejectment is the appropriate action to try title to land.

Error to Wayne; Moynihan (Joseph A.), J.     Submitted January 9, 1924.    (Docket No. 10.)    Decided April 10, 1924.

Case by George Raniak and another against Victor

On necessity and character of title or possession of plaintiff to sustain action of trespass *quare clausum fregit*, see note in 30 L. R. A. (N. S.) 243.

Krukowski and others for a trespass upon plaintiffs' land.    Judgment for defendants on a directed verdict. Plaintiffs bring error.    Reversed.

*Barbour, Field & Martin* (*Charles C. Stewart*, of counsel), for appellants.

*John Kaminski*, for appellees.

BIRD, J.    In October, 1910, plaintiffs secured, what they understood to be, title to lots 51 and 52 of Fischer's subdivision of the north part of lot 26 and the south part of lot 25, Leib farm P. C. 15, in the city of Detroit.    Soon after they went into possession of the same, they fenced them and built a garage thereon, and ever since have had either actual or constructive possession thereof.    In 1915 defendants obtained deeds to the lots from one Susan Mynell, who claimed to have title thereto, and since that time both parties have been claiming title to the lots.    Plaintiffs have had the peaceable possession of the same since October, 1910, until June 23, 1919, when, during their absence, defendants entered with axes and hammers and partially destroyed the fences and garage situate on said lots, causing damages in the agreed sum of $228.    After committing this damage the defendants withdrew and left the premises to the plaintiffs. Plaintiffs then began an action of *quare clausum fregit* in justice's court to recover their damages.    Defendants made a showing that the title to the lots would come in question, and tendered a bond, in accordance with 3 Comp. Laws 1915, § 14235, and requested the justice to certify the same to the circuit court.

On the trial in the circuit court plaintiffs showed their possession, the trespass and damage, and rested. Defendants then introduced testimony tending to show title.    Subsequently plaintiffs made a similar show-

ing of title.     Plaintiffs secured their title through tax sales from the auditor general, and defendants secured their title from former owners of record. After the proofs were closed plaintiffs requested the court to charge the jury

"that the defendants showed no justification for their disturbance of the peaceful possession of the premises, and that if they believed they held the legal title their proper course was by suit in ejectment, and that the jury should be directed to return a verdict (for plaintiff) for $228," the conceded amount of damages."

The defendant requested the court to charge that, under the record introduced, they had established that the legal title was in the defendants, and a verdict should be directed in their favor.

The court charged the jury as follows:

"This damage is acknowledged and conceded by the defendants, but they claim that the garages and premises and lands in question do not belong to the plaintiffs, but belong to the defendants, Krukowski and Mloodyanowski, and it being their property that they had a right to enter in and upon said premises to do as they saw fit with said premises, * * * and that in my opinion under the records presented the title to the lots in question was vested in the defendants." '

In accordance with this view a verdict was directed for the defendants.     We think the trial court was in error in refusing to direct a verdict for plaintiffs. Plaintiffs had been in the actual or constructive possession of the lots since October 19, 1910.     After obtaining their title they fenced the lots and built a garage thereon.     Their possession up to the day of trial had been continuous, the only interruption being the trespass complained of.     The fact that defendants may have had title did not justify them in disturbing this possession by force and violence.

Plaintiffs cite *Newcombe* v. *Irwin*, 55 Mich. 620, in support of their request. This case arose in justice's court and was certified to the circuit court, under defendant's claim of title. Plaintiffs showed the trespass, and defendant undertook to defend on the ground that he had title. To this defense it was said in part:

"The defendants then offered to prove title in Pliny Irwin to the east half of the quarter section, but the evidence offered was ruled out, and the trial judge certified that the title to land did not come in question. This ruling constitutes the error complained of.

"There was no error in holding that title was not in question. It appears not to have been disputed that up to the time of the survey made by the county surveyor the plaintiff was in possession up to the old division fence. If the survey showed that she occupied any part of Irwin's land, taking possession forcibly and against her will was not a proper remedy. To disturb a peaceable possession by force is a trespass, irrespective of ownership; and if the plaintiff had possession in fact, the forcible disturbance of her possession was made out beyond question. The judge was, therefore, right in treating the issue as one of possession merely."

The same rule of law is recognized in *Dolahanty* v. *Lucey*, 101 Mich. 113.

The title to these lots appears to have been the subject of legal controversy for several years. Some phases of the dispute have been to this court on former occasions. See *Raniak* v. *Pokorney*, 198 Mich. 567; *Raniak* v. *Pokorney*, 204 Mich. 112. Plaintiffs have had possession for several years. If defendants are desirous of establishing their title and securing possession of the lots, there is a very sure way of having that done by an action of ejectment. To institute an action of ejectment will get them better and more lasting results than a violent assault upon plaintiffs' possession.

The judgment will be reversed and a new trial granted.

Plaintiffs will recover their costs.

CLARK, C. J., and McDONALD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.    WIEST, J., did not sit.